IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYA HARRIS,<br><br>   Plaintiff,<br><br> v.<br><br>OAKLAND POLICE DEPARTMENT,<br><br>   Defendants. | No. C 13-4126 LHK (PR)<br><br>ORDER OF DISMISSAL |

  Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, the court dismisses the complaint as duplicative.

**DISCUSSION**

A. <u>Standard of Review</u>

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Dismissal
G:\PRO-SE\LHK\CR.13\Harris126disdupli.wpd

1 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff names the Oakland Police Department as the only defendant. He alleges that, on September 1, 2011, plaintiff was driving his vehicle out of a motel parking lot and came to a full stop because there were Oakland patrol cars blocking the exit. Plaintiff claims that one patrol car suddenly headed straight toward plaintiff's car and slammed into plaintiff's car, causing severe damage to plaintiff's vehicle.

A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. *Cf. Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)) (duplicative in forma pauperis complaint may be considered abusive and dismissed under 28 U.S.C. § 1915). Because plaintiff raised and is litigating the same allegations and claims raised herein in *Harris v. Oakland Police Department*, No. C 13-4051 LHK (PR), the instant complaint is deemed duplicative.

## CONCLUSION

Plaintiff's complaint is DISMISSED as duplicative. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  12/3/13

_____
LUCY H. KOH
United States District Judge

Order of Dismissal
G:\PRO-SE\LHK\CR.13\Harris126disdupli.wpd           2